IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 1:CR-08-218-02** |
| v. | : | |
| | : | **(Judge Rambo)** |
| **RAMON FERRER a/k/a Poncho** | : | |

FILED
HARRISBURG, PA

NOV 0 8 2012

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

**MEMORANDUM**

I.  **Background**

Before the court is a motion to vacate sentence filed by Ramon Ferrer pursuant to 28 U.S.C. § 2255. (Doc. 353.) The motion alleges incompetency of counsel prior to and during his criminal trial, at which Ferrer was found guilty of criminal conspiracy, criminal attempt, interstate travel to facilitate drug trafficking, and use of a communication facility to facilitate drug trafficking.[1] Following service of the § 2255 motion on the Government, counsel was appointed to represent Ferrer (Doc. 366), and a hearing on Ferrer's motion was held on October 23, 2012. The matter is ripe for disposition.[2]

---

[1] A charge of conspiracy to possess firearms in furtherance of drug trafficking was dismissed by this court on December 10, 2009.

[2] The procedural history and factual background of this case are set forth in the Government's response to the motion and will not be repeated in detail herein.

## II. Discussion

Ferrer's claims are based upon ineffective assistance of counsel in violation of the Sixth Amendment which is a proper ground for relief under 28 U.S.C. § 2255. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).

### A. Incompetency of Counsel Standard

The proper "benchmark for judging any claim on ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 687. To prevail on a claim of ineffective assistance of counsel, a defendant is required to prove: (1) that he received deficient representation, meaning that trial counsel's performance fell below an objective standard of reasonableness; and (2) that he suffered prejudice, meaning there is a reasonable probability that, but-for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687-88, 691. To succeed on such a claim, "[b]oth *Strickland* prongs must be satisfied." *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001) (citing *United States v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989).

The first *Strickland* prong requires a defendant to establish that, in light of all the circumstances, counsel's performance was deficient to the extent that the identified acts or omissions were "outside the wide range of professionally competent assistance." *Id.* at 690; *see also Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001). Proving a deficiency in conduct "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed defendant by the Sixth Amendment." *Jermyn*, 266 F.3d at 282 (quoting *Strickland*, 466 U.S. at 687). "In assessing counsel's performance, 'every effort [must] be made to eliminate the

distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Id.* That is, the "defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *United States v. Hankerson*, 496 F.3d 303, 310 (3d Cir. 2007) (quoting *Strickland*, 466 U.S. at 689). A court's "review of ineffective assistance of counsel claims does not permit [it], with the benefit of hindsight, to engage in speculation about how the case might best have been tried." *Hess v. Mazurkiewicz*, 135 F.3d 905, 908 (3d Cir. 1998).

With respect to the second prong of the *Strickland* test, a defendant must show that counsel's deficient performance unfairly prejudiced him and resulted in an "adverse effect on the defense." *Strickland*, 466 U.S. at 693. To satisfy this requirement, a defendant must prove that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. *Id.* at 687. It is not enough to show that the error had some "conceivable effect" on the outcome of the proceeding, for virtually every act or omission would meet such a test. *Id.* at 693. Rather, the defendant must show there is a *reasonable probability* that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome" of the trial. *Id.* Effectiveness of counsel applies to advice given by counsel during guilty plea discussions. *See Hill v. Lockhart*, 474 U.S. 52, 56, 58 (1985) (stating that the *Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel"); *United States v. Booth*, 432 F.3d 542, 546-47 (3d Cir. 2005). Ferrer's claims will be addressed with these precepts in mind.

3

### B. Ferrer's Claims

Ferrer alleges that counsel was incompetent in that (1) he failed to file a motion to dismiss Count I of the second superseding indictment because it was duplicitous; (2) counsel failed to advise him of his right to testify; and (3) counsel misadvised him concerning the law applicable to the case. In this latter claim, Ferrer alleges that counsel mistakenly told him that he could not be convicted at a jury trial because the drugs charged were not real drugs, and as a result of this advice, Ferrer decided to go to trial and not accept a plea agreement. At the October 23, 2012, hearing, both Ferrer and his former counsel, Ari Weitzman, testified.

#### 1. Duplicity of Count I of second superseding indictment

At the § 2255 hearing, counsel for Ferrer conceded that the jury verdict form cured any problem with the second superseding indictment and withdrew this issue.

#### 2. Right to testify at trial

Ferrer testified at his § 2255 hearing that the court had advised him of his right to testify and that he had never been told he could not testify, but rather decided not to testify on advice of counsel. Attorney Weitzman testified that he had advised Ferrer of the dangers of taking the stand to testify. Those concerns were Ferrer's past history of drug dealings with co-defendant Pagan and certain statements

4

Ferrer had made, or failed to make,[3] during his proffer with the Government that could be used for impeachment purposes.[4]

At no time was Ferrer told that he could not testify. The decision whether to testify was ultimately Ferrer's decision, knowledge of which he confirmed at the October 23, 2012, hearing. Counsel's advice as to why Ferrer should not testify was a reasonable and sound trial strategy. Accordingly, Ferrer has failed to the first prong of the *Strickland* test as it relates to his claim that he was not advised of his right to testify.

### 3. Counsel gave misleading advice as to applicable law

Ferrer claims that attorney Weitzman advised him that he could not be convicted in a jury trial of the drug charges because the purported methamphetamine was not real. He therefore claims he opted to go to trial and not accept a plea agreement.

Attorney Weitzman testified that he did not advise Ferrer that he could not be convicted if the drugs were not real. In fact, he further testified that he had explained to Ferrer that a conviction was possible under the conspiracy and attempt charges even if the drugs were fake.

Additionally, Attorney Weitzman testified that he had taken several proposed plea agreements to Ferrer, each of which were rejected by Ferrer. Ferrer

---

[3] Specifically, Attorney Weitzman testified that, if Ferrer had testified, he was concerned that Ferrer's failure to tell the government during the proffer session that the purported methamphetamine was fake would undermine Ferrer's defense.

[4] Defense counsel filed a pretrial motion, pursuant to Federal Rule of Evidence 404(b), to prevent evidence of Ferrer's prior conduct with Pagan from being introduced at trial. (Doc. 213.) The motion was denied. (Doc. 221.)

5

testified that the only plea agreement he would accept would be a plea to only illegal reentry. Such an offer was not made by the Government.

This court does not find credible Ferrer's testimony that Attorney Weitzman had advised him that he could not be found guilty if the drugs were fake. It is apparent to this court that Ferrer was intent on going to trial with a defense that he and his co-conspirators were intentionally selling to Pagan false drugs in an attempt to make money from Pagan. Attorney Weitzman used this defense to the best of his ability during trial.

### III. Conclusion

For the foregoing reasons, the court finds that Ferrer has failed to establish that his trial attorney was incompetent. An appropriate order will be issued.

/s/ Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: November 8, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 1:CR-08-218-02** |
| v. | : | **(Judge Rambo)** |
| **RAMON FERRER a/k/a Poncho** | : | |

# ORDER

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2255 is **DENIED**.

2) This court declines to issue a certificate of appealability.

3) The Clerk of Court shall close the file.

*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: November 8, 2012.